# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-399V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |  |
|---|---|---|
| | \* | |
| AMANDA WILES, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  April 23, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Christopher J. Webb,* Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Ryan Daniel Pyles,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 7, 2022, Amanda Wiles filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioners alleges that she developed a seizure disorder after receipt of tetanus-diphtheria-acellular pertussis ("Tdap") and influenza ("flu") vaccines on October 3, 2019, or that her condition (to the extent it predated vaccination) was significantly aggravated by these vaccines. *Id.* The parties briefed their positions, and I issued a decision denying entitlement on December 9, 2025. Decision, dated Dec. 9, 2025 (ECF No. 58). That Decision was not appealed, and judgment has since entered.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Feb. 26, 2026 (ECF No. 63) ("Mot."). This is Petitioner's sole such request. Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

requests fees and costs relating to the work performed by present counsel (Christopher J. Webb of Black, McLaren, Jones, Ryland & Griffee), since his appearance in the matter, as well as fees and costs relating to the work performed by prior counsel (Ronald C. Homer of Conway, Homer, P.C.). Petitioner requests a total of $261,096.21—$220,295.31 for Mr. Webb ($133,537.20 in fees, plus expenses in the amount of $86,758.11), and $40,800.90 for Conway Homer P.C. ($34,919.10 in fees and $5,881.80 in costs). Mot. at 14; ECF No. 63-4 at 1–3.

Respondent reacted to Petitioner's Motion, deferring to my discretion as to whether Petitioner has met the legal and statutory requirements for a fees and costs award, as well as the calculation of the amount to be awarded. *See* Response, dated Mar. 4, 2026 (ECF No. 65) at 2.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$249,034.23** ($208,233.33 for Petitioner's current counsel, and $40,800.90 for former counsel).

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

2

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is inherently easier to satisfy than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs*., 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs*., 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs*., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs*., 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Petitioner's claim was ultimately unsuccessful, but there was sufficient objective basis to entitle her to a fees and costs award. There was some record evidence that Petitioner experienced seizures and was diagnosed with epilepsy after receiving Tdap and flu vaccines. Petitioner's epilepsy diagnosis was also uncontested (although it was not found to be an autoimmune variant). Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

**(A) Conway, Homer, P.C.**

|  | **2021** | **2022** | **2023** | **2024** | **2025** | **2026** |
|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | $350.00 | $410.00 | $455.00 | $485.00 | $516.00 | N/A |
| **Ronald Homer (Attorney)** | N/A | $475.00 | $500.00 | $525.00 | N/A | $567.00 |
| **Christina Ciampolilo (Attorney)** | $380.00 | N/A | $470.00 | $500.00 | $537.00 | N/A |
| **Lauren Faga (Attorney)** | N/A | $385.00 | N/A | N/A | N/A | N/A |
| **Nathaniel Enos (Attorney)** | N/A | $280.00 | N/A | N/A | N/A | N/A |
| **Joseph Pepper (Attorney)** | N/A | N/A | $455.00 | $485.00 | N/A | N/A |
| **Paralegals** | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 | $207.00 |

ECF No. 63-4 at 5–23.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs*., No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special

4

Masters' fee schedule.[3] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-685V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). There is thus no basis for reducing them in this instance, and I find the time devoted to the work reasonable as well.

### (B) Black, McLaren, Jones, Ryland & Griffee

|  | 2024 | 2025 | 2026 |
|---|---|---|---|
| William E. Cochran, Jr. (Attorney) | N/A | $519.00 | N/A |
| Christopher J. Webb (Attorney) | $435.00 | $472.00 | $509.00 |
| Hallie G. Flanagan (Attorney) | N/A | $417.00 | $449.00 |
| Rhonda Friedrichsen (Paralegal) | N/A | $199.00 | N/A |
| Shelly Bloor (Paralegal) | N/A | N/A | $215.00 |
| Sarah Clarke (Paralegal) | $183.00 | $199.00 | $215.00 |

ECF No. 63 at 14.

Mr. Webb and his co-counsel practice in Memphis, TN—a jurisdiction that has been deemed "in forum," making them entitled to rates commensurate with what was established in *McCulloch*. *See Thomas v. Sec'y of Health & Hum. Servs.*, No. 16-1628V, 2017 WL 7510707 (Fed Cl. Spec. Mstr. Dec. 18, 2017). The rates requested for time billed in from 2024-26 are mostly consistent with what has previously been awarded. *Nguyen v. Sec'y of Health & Hum. Servs.*, No. 22-765V, slip op. at 4–5 (Fed. Cl. Spec. Mstr. Mar. 26, 2026); *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024). Ms. Flanagan's hours require amendment, however.

Ms. Flanagan, however, has had her rates for 2025 previously reduced from $417.00 to $372.00, and I shall do the same here. *Sims v. Sec'y of Health & Hum. Servs.,* No. 15-1526V, slip

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited on Apr. 21, 2026).

op. at 4 (Fed. Cl. Spec. Mstr. Mar. 11, 2026). In addition, Ms. Flanagan's 2026 rates have not been set in the Program yet. Petitioner requests a rate of $449.00 for Ms. Flanagan in 2026, as she has become more experienced with the Program. Mot. at 13. However, this proposed rate is towards the higher end of the acceptable attorney hourly rate range. And the rates at the higher end of the established ranges are generally reserved for "comparably experienced counsel who also have lengthy experience in the Program." *Carpenter v. Sec'y of Health & Hum. Servs.*, No. 21-2192V, 2023 WL 9119058, at *2 (Fed. Cl. Spec. Mstr. Dec. 5, 2023) (emphasis in original) (citing *McCulloch*, 2015 WL 5634323, at *17).

Given her lack of experience in the Program, it is not appropriate to award Ms. Flanagan rates on the higher end of the experience ranges. Instead, her time will be compensated at an hourly rate of $431.00 for 2026. This rate falls within the range established in the fee schedule and reflect Ms. Flanagan's years of practice along with her experience in the Vaccine Program, and is still greater than her 2025 hourly rate which reflects her additional experience in the practice of law and in the Program. Applying the reduced hourly rate to Ms. Flanagan's hours[4] results in a reduction of **$3,959.10.**[5]

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $5,881.80 in outstanding costs for the attorneys at Conway, Homer, P.C., and $86,758.11 in outstanding costs for Mr. Webb. ECF No. 63-2 at 24–64; ECF No. 63-4 at 25–36. These costs include, but are not limited to, the filing fee, medical record retrieval costs, mailing costs, travel expenses, litigation costs, and costs associated with experts Dr. Krysztof Bujarski, Dr. Eric Gershwin, and Dr. Justin Willer. Some reduction is appropriate, as I explain below.

---

[4] Ms. Flanagan billed a total of 81.90 hours in 2025, and 15.20 in 2026. ECF No. 63 at 14.

[5] Calculated by: (($417.00 – $372.00) x 81.90 hours billed) + (($449.00 – $431.00) x 15.20  hours billed) = $3,959.10.

6

### a. General Litigation and Trial Costs

Documentation was provided for the Court's filing fee, medical records requests, and travel expenses. I find these costs reasonable and shall award them in full. All costs for postage and shipping have also been supplied with receipts, and I shall grant those costs herein.

Counsel at Black, McLaren, Jones, Ryland & Griffee seek reimbursement of $293.80 for overhead expenses such as "computer assisted research," photocopying, and Pacer service fees. ECF No. 63-2 at 24. No receipts were provided to establish these costs, however. ECF No. 63-2 at 20–64. And it is well established that the Program does not pay for these kind of overhead costs. *Smith v. Sec'y of Health & Hum. Servs.,* No. 18-0043V, 2020 WL 1243238, at *8 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Guy v. Sec'y of Health & Human Servs.,* 38 Fed. Cl. 403, 408 (1997); *Forrest v. Sec'y of Health & Hum. Servs.,* No. 10-32V, 2018 WL 3029330, at *3 (Fed. Cl. Spec. Mstr. May 22, 2018) ("[t]he Vaccine Program has traditionally treated subscriptions to legal research databases as office overhead costs, which are not compensable."); *Rodriguez v. Sec'y of Health & Hum. Servs.,* No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. Spec. Mstr. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable).

However, costs for photocopying have been approved in prior cases so long as the cost per page was reasonable. *See, e.g., Disantis v. Sec'y of Health & Hum. Servs.,* No. 22-1361V, 2025 WL 2305042, at *3 (Fed. Cl. Spec. Mstr. July 8, 2025). And fees for accessing PACER are also reimbursable when the costs are appropriately substantiated. *Carrington v. Sec'y of Health & Hum. Servs.,* No. 99-495V, 2008 WL 2683632, at *3 (Fed. Cl. June 18, 2008), *mot, for review den'd*, 85 Fed. Cl. 319 (2008) (denying PACER service fees where no evidence of such an expense was filed).

Because some of these costs fall under the category of non-compensable overhead expenses, and Petitioner's counsel failed to provide receipts for all of these costs, I shall deny reimbursing them. This results in a reduction of **$293.80 for Black, McLaren, Jones, Ryland & Griffee**. Litigation costs incurred by Conway, Homer, P.C. will be reimbursed in full (as reviewed below).

### b. Petitioner's Expert Costs

#### 1. Costs for Dr. Justin Willer

Dr. Willer, a neurologist, was retained by Black, McLaren, Jones, Ryland & Griffee, and prepared two written reports on Petitioner's behalf. Report, dated May 31, 2024, filed as Ex. 40 (ECF No. 35-23); Report, dated Jan. 29, 2025, filed as Ex. 68 (ECF No. 45-1). Dr. Willer charged a total of $52,060.50 for roughly 95 hours billed at a rate of $550.00 an hour. ECF No. 63-2 at 34,

7

50–52, 57–61. While this hourly rate is appropriate, the time devoted to the matter was excessive for the work performed.

It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, was reasonable for the work done." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521. Indeed, I have previously reduced costs for experts who excessively charged for their work or whose efforts were unhelpful. *See, e.g., Monte v. Sec'y of Health & Hum. Servs.*, No. 21-1960V, 2024 WL 1640006, at *4 (Fed. Cl. Spec. Mstr. Mar. 21, 2024); *Martin v. Sec'y of Health & Hum. Servs.*, No. 15-789V, 2020 WL 8674683, at *4 (Fed. Cl. Spec. Mstr. Dec. 8, 2020). Dr. Willer reviewed the medical records, Respondent's expert report, researched, and authored two expert reports. Dr. Gershwin performed the same tasks and billed about a third less.[6] In prior cases, Dr. Willer has also authored two reports and spent less time than what he did here. *See Grujic v. Sec'y of Health & Hum. Servs., No. 20-820V, 2024 WL 4263422, at *4 (Fed. Cl. Mar. 21, 2024)* (spending 53.09 hours to author two expert reports and conduct a neurological evaluation of the petitioner). I therefore find the time Dr. Willer spent on this matter to be excessive and shall reduce his total costs by 15%. This results in a reduction of **$7,809.08.**[7]

### 2. Costs for Dr. Krysztof Bujarski

Petitioner is requesting $5,000.00 for costs associated with Dr. Bujarski's medical record review. ECF No. 63-4 at 36. Dr. Bujarski was retained by Conway, Homer, P.C. as an expert in September 2023. *See id*. Dr. Bujarski's itemized receipt shows he reviewed Petitioner's medical records and devoted a total of ten hours to this case. *Id.*. Dr. Babinski charged $5,000.00 for his work at $500/hour. *Id*. While Dr. Bujarski ultimately did not write an expert report or statement, I find that his time spent was reasonable and I shall award his costs in full.

### 3. Costs for Dr. Eric Gershwin

Dr. Gershwin was retained by Black, McLaren, Jones, Ryland & Griffee, and prepared two written reports on Petitioner's behalf. Report, dated May 31, 2024, filed as Ex. 18 (ECF No. 35-1); Report, dated Nov. 11, 2024, filed as Ex. 58 (ECF No. 44-1). Dr. Gershwin charged $31,500.00 for the 63 hours he devoted to the matter billed at $500.00 an hour. ECF No. 63-2 at 35–36, 54–56, 62–64. I have awarded Dr. Gershwin this hourly rate previously[8] and I find no reason to reduce it or the time billed to the matter herein. Therefore, I shall award his costs in full.

---

[6] *See Infra* III.b.3.

[7] Calculated by: (15% ÷ 100) x ($52,060.50) = $7,809.08.

[8] *Pellegrino ex rel. A.P. v. Sec'y of Health & Hum. Servs.*, No. 21-1608V, 2026 WL 963550, at *3 (Fed. Cl. Spec. Mstr. Mar. 10, 2026).

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Award of Attorney's Fees and Costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $249,034.23 to be distributed as follows:**

- **A lump sum of $208,233.33, representing reimbursement for attorneys' fees of $129,578.10 and costs of $78,655.23 to be paid through an ACH deposit to Petitioner's counsel of record, Mr. Christopher J. Webb's IOLTA account for prompt disbursement; and**

- **A lump sum of $40,800.90, representing reimbursement for attorneys' fees of $34,919.10 and costs of $5,881.80, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Ronald C. Homer's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[9]

    **IT IS SO ORDERED**.


                                    /s/ Brian H. Corcoran
                                    Brian H. Corcoran
                                    Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.